E-FILED 02/05/10

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOWNEY SURGICAL CLINIC, INC., For Itself And On Behalf Of All Others Similarly Situated, | Case No. CV 09 05457 PSG (CTx) |
| Plaintiff, | **[PROPOSED] STIPULATED PROTECTIVE ORDER** |
| vs. | |
| INGENIX, INC., UNITEDHEALTH GROUP, INC., UNITED HEALTHCARE SERVICES, INC., DOES 1-10, | |
| Defendants. | |

THIS MATTER, having come before the Court on the Agreed Motion of Plaintiff Downey Surgical Clinic, Inc. ("Plaintiff") and Defendants Ingenix, Inc., UnitedHealth Group Inc., and United HealthCare Services, Inc. (collectively, "Defendants") requesting the Court to enter this Stipulated Protective Order ("Order"), the parties having stipulated to all the terms of this Order, and for good cause, it is hereby ORDERED AND ADJUDGED:

All confidential documents or information produced in this Litigation shall be subject to the terms and provisions set forth herein:

    1.    Preamble Regarding Plaintiffs' Objections To Definitions Of "Confidential Information" and "Confidential-Attorney Eyes Only":

Plaintiffs do not agree, and hereby object, to the definitions of "Confidential Information" and "Confidential-Attorney Eyes Only" currently contained in this Order in the following respects:

      a.    Plaintiffs do not agree that the following can be appropriately designated by the Parties as "Confidential Information": *rates structures, pricing data, systems, structures, architectures, and sales and marketing materials.*

Plaintiffs do not agree that the following can be appropriately designated by the Parties as "Confidential-Attorney Eyes Only": *pricing data, proprietary software that derives economic value, Defendants' use of templates of provider contracts and provider manuals, payment methods and payment rates, claims processing systems and applications, and health care provider charge data.* Without waiving the foregoing objections and arguments, and subject to the right to object to confidentiality designations as provided for under paragraph 20 of this Order, Plaintiffs are willing to submit to the definitions of "Confidential Information" and "Confidential-Attorney Eyes Only" that are currently contained in this Order solely for completion of the "Phase 1 Discovery," as contemplated by the Amended Initial Case Management Order in this Litigation.

The Parties agree that, upon completion of Phase 1 Discovery, and prior to the commencement of any further discovery in this Litigation, the Parties will meet and confer about revising the definitions of "Confidential Information" and "Confidential-Attorney Eyes Only," and will request the Court to enter an Amended Confidentiality Order as may be necessary.  Any such revision to those definitions will be prospective only and will not apply to any documents produced pursuant to this Order.

      2.    <u>Definitions</u>:

The following definitions shall apply to this Order:

a.      "Confidential Information" is information that is not in the public domain and contains employee information, financial data and information, and any other information that may reasonably be characterized by a party as intellectual property, a trade secret, or confidential or proprietary information, including customer lists, rates structures, price lists, pricing data, financial information, market studies, business plans, computer software and programs, data technologies, systems, structures, and architectures, and sales and marketing materials.  For purposes of this Order, "trade secret" shall mean any formula, compilation, program, plan, device, design, method, technique, process or other information used in the Producing Party's business and for which confidentiality has been reasonably maintained; "proprietary" information shall mean any information in which a party has a protectable interest, including, without limitation, information regarding a party's finances, processes, products, services, research and development, sales and marketing, strategies, and technologies. Confidential Information will be designated as "Confidential" by the Producing Party in one or more of the following ways:  (1) information contained in any document or part thereof may be so designated by marking the word "CONFIDENTIAL" on the document or any copy of it delivered to the Parties or their counsel or by giving written notice to the counsel, describing the document or part thereof either specifically or by category, as provided in paragraph 4 of this Order; or (2) a Party may designate information contained in an answer to any question asked during an oral deposition as Confidential within 30 calendar days of receipt of the deposition transcript by underlining the portions of the pages that are confidential and stamping such pages "CONFIDENTIAL" as provided in 14 of this Order.

b.      Certain documents may contain information that is so sensitive that it should not be disclosed to any person other than outside counsel for the

Parties.  Such information shall be produced on a "CONFIDENTIAL-Attorney Eyes Only" basis and includes, but is not limited to the following:

   1)   trade secrets, customer lists, rates structures, price lists, pricing data, market surveys, business plans, and proprietary software that derives economic value, actual or potential, from not being generally known to competitors and potential competitors, that is the subject of reasonable efforts to maintain its secrecy, and that is so competitively sensitive that disclosure of the information justifies imposing the requirement that no other parties or the parties' inside counsel may view the information and for which the Producing Party reasonably believes that it is entitled to heightened protections from disclosure to competitors or potential competitors under Fed. R. Civ. P. 26(c).

   2)   policies and practices with respect to provider contracting, including, but not limited to, information regarding the manner in which Defendants negotiate with providers, Defendants' use of templates of provider contracts and provider manuals, payment methods and payment rates, the percentage of a physician's customary charges that Defendants will reimburse for covered services, and Defendants' claims practices and payment methodologies set forth in provider manuals;

   3)   claims processing systems and applications, including, but not limited to, information regarding various claims processing platforms used by Defendants, the manner in which Defendants respond to state prompt pay statutes and regulations, and Defendants' policies and practices with respect to the type of

information providers or subscribers must submit in order for their claims to be processed;

4)     medical management policies and practices, including, but not limited to, medical policies developed by Defendants for use in making coverage determinations, third-party guidelines, and local modifications;

5)     financial information relating to Defendants' claims processing, performance goals, and results; and

6)     health care provider charge data, including, but not limited to, CPT codes, dates of service, amounts charged, amounts allowed, providers' Geozip codes, and "usual, customary and reasonable" amounts.

c.     "Confidential Health Information" shall constitute a subset of Confidential Information, and shall mean information supplied in any form, or any portion thereof, that identifies an individual or subscriber in any manner and relates to the past, present, or future care, services, or supplies relating to the physical or mental health or condition of such individual or subscriber, the provision of health care to such individual or subscriber, or the past, present, or future payment for the provision of health care to such individual or subscriber. Confidential Health Information includes, but is not limited to, medical bills, claims forms, claim data, grievances or appeals, charge sheets, medical records, medical charts, test results, notes, dictation, invoices, itemized billing statements, remittance advice forms, explanations of benefits, checks, notices, and requests, as well as any summaries or compilations of the information contained in these documents, to the extent that such summaries or compilations themselves include Confidential Health Information. Confidential Health Information is intended to encompass all "protected health information" as such term is defined by the Standards for Privacy

1  of Individually Identifiable Health Information, 45 C.F.R. part 160.103,

2  promulgated pursuant to the Health Insurance Portability and Accountability Act

3  ("HIPAA"), as well as any patient health information protected by state law.

4        d.    "Covered Entity" shall have the meaning as such term is defined

5  by the Standards for Privacy of Individually Identifiable Health Information, 45

6  C.F.R. part 160.103, promulgated pursuant to HIPAA.

7        e.    "Documents" shall mean all originals, copies, and non identical

8  copies, however produced or reproduced, of any printed, typed, handwritten,

9  graphic, electronic or otherwise recorded matter of whatever character, including,

10  but not limited to, files, correspondence, contracts, agreements, memoranda, notes,

11  forms, diaries, reports, interoffice communications, statements, transcripts,

12  affidavits, photographs, audiotape or videotape recordings, motion pictures, e-mail,

13  computer files, and any other documents and electronically stored information

14  contemplated by Fed. R. Civ. P. 34(a)(1)(A).

15        f.    "Legend" as used herein shall mean a stamp or similar insignia

16  stating "CONFIDENTIAL," "CONFIDENTIAL-Attorney Eyes Only," or other

17  appropriate term or terms connoting the confidentiality of the document.  When any

18  document is designated "CONFIDENTIAL" or "CONFIDENTIAL-Attorney Eyes

19  Only" pursuant to this Order, the Legend shall be affixed to the cover of such

20  document and to any page therein containing Confidential Information.

21        g.    "Litigation" shall refer to the above-captioned case, including

22  any appeals through final judgment.

23        h.    "Producing Party" shall mean any Party to the Litigation, or any

24  other person or entity producing documents, information, or other materials in the

25  Litigation, including any Covered Entity.

26

27

28

i.      "Parties" collectively shall mean and include Plaintiff and Defendants.  As used in this Order, the term "Parties" shall not include putative class members or class members.

j.      "Party" shall mean any one of the Parties.

3.      <u>Scope Of Application Of Order</u>:

This Order shall govern all documents, testimony and other information and materials generated or produced in response to any discovery conducted by any Party to the Litigation pursuant to the Federal Rules of Civil Procedure and the local rules of the United State District Court for the Central District of California.  Further, this Order shall govern all documents and materials containing Confidential Information that are submitted in connection with a pleading, brief or other document filed with this Court.  This Order shall not govern the use or admissibility of any evidence at trial or the procedures for using such documents or information at trial.  The Parties shall confer and attempt to agree before any hearing, trial, or other proceeding on the procedures to be included in a confidentiality order pursuant to which Confidential Information may be introduced into evidence or otherwise used at such hearing, trial, mediation, or other proceeding.  Absent agreement, the parties shall request the Court to issue an order governing the use of information in the context of such proceedings.  In addition, this Order shall govern all Confidential Information produced by a Covered Entity in response to any discovery conducted by any Party to the Litigation pursuant to the Federal Rules of Civil Procedure, the rules of the Central District of California, and 45 C.F.R. part 164.512.

4.      <u>Designation As "Confidential Information"</u>:

A Producing Party may designate any document or portion thereof that contains Confidential Information as "Confidential" pursuant to this Order by affixing the Legend as provided under subparagraph 2(f) to any document

containing, or that the Producing Party believes contains, Confidential Information. If, through inadvertence, a Producing Party produces any document or portion thereof that contains Confidential Information but fails to designate the document as either "CONFIDENTIAL" or "CONFIDENTIAL – Attorney Eyes Only" pursuant to this Order by affixing the appropriate Legend as provided under subparagraph 2(f), the Producing Party subsequently may designate the document as "CONFIDENTIAL" or "CONFIDENTIAL – Attorney Eyes Only."  But in the event a Party produces voluminous documents for inspection only, the Producing Party shall not need to stamp the documents in advance of the initial inspection and instead the following procedures shall apply:

> (i)     The Producing Party shall not be considered to have waived the confidential status of documents made available during such an initial inspection, but not chosen by the inspecting Party for copying;

> (ii)    Thereafter, upon selection of specified documents for copying by the inspecting Party, the Producing Party shall, within 30 calendar days and prior to providing copies of the selected documents to the requesting Party, stamp each page of such documents as may contain Confidential Information with either of the "CONFIDENTIAL" or "CONFIDENTIAL – Attorney Eyes Only" designations; and

> (iii)   A Producing Party also may designate documents as Confidential or Confidential – Attorney Eyes Only by advising counsel of record to whom the documents are to be produced, in writing, of the Bates numbers of the documents that are designated Confidential pursuant to this Order.

    5.     Disclosure Of Confidential Information:

Except as otherwise provided in this Order, Confidential Information may only be disclosed to or examined by the following persons:

a.      the Parties, including their current employees who are necessary to assist counsel in this Litigation, the Parties' inside counsel, if any, and employees of the Parties' inside counsel who are acting under the direction and control of such counsel and who are necessary to assist such counsel in this Litigation;

b.      the Parties' respective outside counsel and employees of the Parties' outside counsel who are acting under the direction and control of such counsel and who are necessary to assist such counsel in this Litigation;

c.      vendors who are acting under the direction of the Parties' counsel and who are necessary to assist such counsel in this Litigation;

d.      independent consultants or experts retained in connection with this Litigation by the Parties' counsel, but only to the extent necessary for the prosecution or defense of the instant matter;

e.      experts and/or other deponents or witnesses, but only to the extent necessary for the preparation of testimony or during testimony at a proceeding in this Litigation;

f.      stenographers or court reporters, but only to the extent necessary to prepare records of sworn testimony in this Litigation; and

g.      magistrate judges, judges, clerks, or other members or employees of any court of competent jurisdiction over proceedings in or related to this Litigation.

If a non-Producing Party concludes for the purpose of this Litigation that it needs to disclose any of the Confidential Information to any person not specified in this Paragraph 5, such party shall notify all other parties, and such notice shall state the identity of the person(s) that the non-Producing Party needs to disclose to, and the reasons for such disclosure; whereupon the parties shall confer in an effort to resolve the status of the subject information.  If the Parties cannot agree to such release, counsel for the non-Producing Party shall have the right to

move for an order allowing disclosure to the person(s) not specified in Paragraph 5 for good cause shown.

6. <u>Disclosure of Confidential – Attorney Eyes Only Information</u>:

Except as otherwise provided in this Order, Confidential Information designated as "CONFIDENTIAL – Attorney Eyes Only" shall be subject to the restrictions set forth in Paragraph 5 and further shall not be shown to the Parties or to their inside counsel.

7. <u>Disclosure of Confidential Health Information</u>:

"Confidential Health Information" shall constitute a subset of Confidential Information and shall be designated as "Confidential" and subject to all other terms and conditions governing the treatment of Confidential Information, as set forth in Paragraph 5.  "Confidential Health Information" shall include, but is not limited to, claims data, claim forms, grievances, appeals, or other documents or records that contain any patient health information required to be kept confidential under any state or federal law, including 45 C.F.R. parts 160.103, promulgated pursuant to HIPAA, and the following subscriber, patient, or member identifiers:

a.    names;

b.    all geographic subdivisions smaller than a State, including street address, city, county, precinct, and zip code;

c.    all elements of dates (except year) for dates directly related to an individual, including birth date, admission date, discharge date, dates upon which medical services were provided, age, and date of death;

d.    telephone numbers;

e.    fax numbers;

f.    electronic mail addresses;

g.    social security numbers;

h.    medical record numbers;

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

i.     health plan beneficiary numbers;

j.     account numbers;

k.     certificate/license numbers;

l.     vehicle identifiers and serial numbers, including license plate numbers;

m.     device identifiers and serial numbers;

n.     web universal resource locators ("URLs");

o.     internet protocol ("IP") address numbers;

p.     biometric identifiers, including finger and voice prints;

q.     full face photographic images and any comparable images; and

r.     any other unique identifying number, characteristic, or code; and any other information the Producing Party knows could be used alone or in combination with other information to identify an individual who is the subject of information.

In addition to the other limitations on the use of Confidential Information as set forth above, the Producing Party may, but is not required to, redact the above identifiers or take other suitable precautions in order to protect the privacy of its members, subscribers, or patients, but only to the extent such redaction or other precaution does not result in prejudice to another Party in the Litigation.  All documents produced by a Producing Party that contain Confidential Health Information shall not be used by any Party to the Litigation for any purpose other than in connection with this Litigation.  This paragraph shall not prevent a Producing Party from disclosing its own Confidential Health Information to any person, including its counsel and their partners, associates, paralegals, and clerical and litigation support personnel.

8.    <u>Copies</u>:

All copies of any documents containing Confidential Information shall constitute and be treated as Confidential as provided in this Order.  Any person making, or causing to be made, copies of any documents containing Confidential information shall make certain that each such copy bears the appropriate Legend pursuant to the requirements of this Order.  Nothing herein shall preclude any arrangement among the Parties by which documents or other materials may be copied by the Producing Party.

9.    <u>Acknowledgement And Written Assurance</u>:

Except as otherwise provided below, each person who is permitted to see stamped Confidential Documents first shall be shown a copy of this Order and shall sign an acknowledgment form that states:

a.    the signatory has read and understands this Order;

b.    the signatory understands the information contained in the Documents has been designated as Confidential;

c.    the signatory understands that the unauthorized disclosure of information contained in any stamped Confidential Document may constitute contempt of Court; and

d.    the signatory consents to the exercise of personal jurisdiction by this Court for purposes of enforcement of this Order.

Persons permitted to see Confidential Information shall sign the Acknowledgement and Written Assurance form annexed hereto as Exhibit A. These signed forms shall be maintained by the Party acquiring the signatures and shall be produced to the Court for in camera inspection if any Party requests any such inspection.  As to any third-party contractors or vendors included in the list of persons who must sign an Acknowledgement and Written Assurance form described in Paragraph 5(c) above, an owner or manager of such contractor may

sign on behalf of his or her employees.  No such signed Acknowledgment and Written Assurance shall be required of the following persons:  (i) Court personnel; (ii) any person or the employee of any person or entity who produces the Confidential Information or who is identified as a recipient on a document containing Confidential Information; or (iii) outside counsel for the Parties and employees of the Parties' outside counsel who are acting under the direction and control of such counsel and who are necessary to assist such counsel in this Litigation.

A copy of each executed Acknowledgment and Written Assurance shall be retained by counsel of record for the Party obtaining the Acknowledgement and Written Assurance.  A Party may make such application to the Court for disclosure of a copy of the executed Acknowledgement(s) and Written Assurance(s), and the Court will grant such an application upon good cause shown, except that a Party need not disclose a copy of an executed Acknowledgement and Written Assurance if doing so would tend to reveal the identities of experts retained by a Party, the disclosure of whom is not required by the Federal Rules of Civil Procedure, unless ordered by the Court.  This paragraph shall not prevent a Producing Party from disclosing its own Confidential Information to any person, including its counsel and their partners, associates, paralegals, and clerical and litigation support personnel.

10.   <u>Prohibition on Use Of Confidential Information Produced In This Litigation In Other Actions</u>:

Any documents or other information produced by any Party in this Litigation that has been designated as "CONFIDENTIAL" or "CONFIDENTIAL-Attorney Eyes Only" shall be used solely for the purpose of this Litigation, which includes discovery, motions, briefs, preparation for trial, trial, enforcements of court orders or judgments, and on appeal, if any, and for no other purpose.

1
2

      11.    <u>Subpoena Or Other Third-Party Request For Confidential Information Produced In This Litigation</u>:

3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18

      In the event any person having possession, custody, or control of any Confidential Information receives a subpoena or other compulsory process by any court, administrative agency, legislative body commanding production of such information, such person shall, unless otherwise precluded by law:  (i) notify counsel of record for the Producing Party within 48 hours by hand, e-mail or facsimile of the request for Confidential Information; (ii) provide a copy of the subpoena or other process or order requesting the production of Confidential Information to counsel of record for the Producing Party; and (iii) cooperate with the Producing Party.  The Producing Party shall have the burden of defending against or objecting to such request to the extent it seeks Confidential Information.  The person receiving such request shall be entitled to comply with it only if:  (i) the Producing Party does not seek an order modifying or quashing the request for Confidential Information; (ii) the Producing Party is unsuccessful in seeking an order modifying or quashing the request for Confidential Information; or (iii) the person is otherwise ordered by a court or required by a government subpoena to produce the Confidential Information.

19

      12.    <u>Redacted Disclosures</u>:

20
21
22
23
24
25
26
27
28

      To the extent that any Party discloses documents containing Confidential Information that is not relevant to the Parties' claims or defenses, a Party may redact such Confidential Information and so indicate on the document being produced.  Information that may be redacted includes, but is not limited to, highly sensitive pricing or other information, fee schedules, medical information, and private or personal information regarding persons other than the named Plaintiff.  If any of the Parties believes that any information has been redacted improperly, the Parties first shall seek to resolve any dispute over such redaction pursuant to which the producing party, at the non-producing party's request, will

disclose in writing information concerning the nature of the redacted material without disclosing its contents, and if the dispute is not resolved, the objecting Party may submit a letter to the Court seeking access to an un-redacted version of such information within 14 days of the producing party's written disclosure of information concerning the nature of the redacted material.

13.    Designation Of Documents Produced By Third Parties:

Any Party may designate as "Confidential" any document that is produced or disclosed without such designation by any third party within 30 calendar days of the production of such document, or such other time as may be agreed, provided that such document contains Confidential Information of a designating Party, in the following manner:

a.    Parties to the Litigation may designate such document by sending written notice of such designation, accompanied by copies of the designated document bearing the Legend, to all other Parties in possession or custody of such previously undesignated document or by reference to a Bates number of the document.  Within 30 calendar days of receipt of such notice, or such other time as may be agreed, any Party receiving such notice and copy of the designated document pursuant to this subparagraph shall return to the designating Party all undesignated copies of such document in their custody or possession, or alternately shall affix the Legend to all copies of such designated document in their custody or possession.

b.    Upon notice of designation pursuant to this Paragraph, the Parties also shall: (i) make no further disclosure of such designated document or information contained therein, except as allowed under this Order; (ii) take reasonable steps to notify any persons who were provided copies of such designated document of the terms of this Order; and (iii) take reasonable steps to reclaim any

1  such designated document in the possession of any person not permitted access to
2  such information under the terms of this Order.

3      c.    The Parties shall serve a copy of this Order simultaneously with
4  any discovery request made to a non-Party.  For any discovery that was served on a
5  non-Party prior to the date of this Order, the Party who served the discovery shall
6  provide the non-Party with a copy of this Order within five days of the date this
7  Order is entered by the Court.

8      14.    Designation Of Deposition Transcripts And Exhibits As
9          Confidential:

10      a.    At any depositions conducted in this Litigation of any person
11  within the categories set forth in paragraph 5 above and otherwise in accordance
12  with the provisions of this Order, the Parties may use, refer to, or mark as
13  deposition exhibits any documents designated as "CONFIDENTIAL" and all
14  Confidential Information contained therein or derived therefrom.  Any documents
15  designated as "or CONFIDENTIAL – Attorney Eyes Only" information that are
16  marked as deposition exhibits shall be sealed separately from the remainder of the
17  deposition transcript and exhibits.  When a Party uses or refers to Confidential –
18  Attorney Eyes Only information at a deposition, the portion of the deposition
19  transcript that relates to such Confidential documents or information shall be
20  stamped as "CONFIDENTIAL – Attorney Eyes Only" and sealed separately from
21  the remainder of the transcript and shall be treated as Confidential – Attorney Eyes
22  Only under the provisions of this Order.  No Party shall disclose or give possession
23  of documents designated as "Confidential – Attorney Eyes Only" to any deponent
24  other than as provided in paragraph 6 above.

25      b.    Counsel will make a good faith effort to designate documents or
26  testimony as Confidential Information at the time of the deposition.  Within 30
27  calendar days after receiving a deposition transcript, any Party may designate

28

portions of the transcript, or exhibits thereto, as being as "CONFIDENTIAL."  At any deposition conducted in this Litigation, the Parties shall attempt in good faith preliminarily to identify and designate Confidential testimony and exhibits without prejudice to their right to designate other testimony or exhibits or to withdraw such designations after receipt of the deposition transcript.  Except as provided in subparagraph 14(a) above, Confidential deposition testimony may be so designated by underlining the portions of the pages that are confidential and stamping such pages as "CONFIDENTIAL."  Until expiration of the thirty day calendar day period, the entire deposition transcript, and all exhibits thereto, shall be treated as "Confidential – Attorney Eyes Only" under the provisions of this Order.  If a timely Confidential designation is made, the Confidential portions of the deposition transcript, together with any deposition exhibits designated as "CONFIDENTIAL," shall be sealed separately from the portions of the deposition transcript and exhibits not so marked, and shall be treated as Confidential under the provisions of this Order.

        15.   Receipt Of Confidential Information From Independent Sources:

        With respect to any document that has been produced in this Litigation and designated as Confidential by another Party, should any Party claim to have received the document from another source without any restriction of confidentiality and should that Party seek to be relieved of the confidentiality restrictions of this Order with respect to that document, the Party first shall seek the consent of the other Parties.  If the Parties cannot agree as to whether the document(s) should be excluded from this Order, the Parties shall submit the matter to the Court for resolution.

        16.   Inadvertent Failure To Designate Information As Confidential:

        Inadvertent failure to designate information as Confidential or Confidential – Attorney Eyes Only, or within 30 calendar days pursuant to

paragraphs 4(ii) and 14(b), may be remedied at any time by supplemental written notice given by the Producing Party.  Upon receipt of such notification, all information so designated shall be subject to this Order as if it had been initially so designated, and the Parties shall (a) not make any further disclosure or communication of all information so designated (the "Redesignated Information") except as provided for in this Order, (b) take reasonable steps to notify any persons known to have possession of any Redesignated Information of the effect of the new designation under this Order, and (c) promptly endeavor to procure all copies of the Redesignated Information from any persons known to have possession of Redesignated Information who are not entitled to receipt under Paragraphs 5 and 6 above.  The Parties further shall make a reasonable good-faith effort to insure that any analyses, memoranda, or notes that were generated based upon such Redesignated Information are immediately treated in accordance with the new designation.

> 17.   <u>Inadvertent Production</u>:

> If information subject to a claim of attorney-client privilege, attorney work product, or any other ground on which the production of such information should not be made to any Party nevertheless is inadvertently produced in this Litigation, such production shall not prejudice, or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, attorney work product, or other ground for withholding production to which the Producing Party would be entitled.  If a claim of inadvertent production is made with respect to information then in the custody of another Party, such Party promptly shall return such information to the Producing Party.  The Party returning such material may submit a letter to the Court for an order compelling the production of the material, but any such letter shall not assert as a ground for entering such an order the fact or circumstance of the inadvertent production.

18.   <u>Filing Of Confidential Information Under Seal</u>:

Any Party wishing to file a document or paper containing Confidential Information shall endeavor to redact or otherwise exclude from the filing any Confidential Information not directly pertinent to that Party's filing.  Any request to seal Confidential and Confidential-Attorney Eyes Only information that is directly pertinent to that Party's filing shall be made in accordance with Local Rule 79-5 of the United States District Court for the Central District of California, and shall seek to file under seal only those portions of filings containing documents stamped Confidential or Confidential – Attorney Eyes Only material.  Where reasonably possible, the Parties shall agree to redact documents or stipulate to facts in order to avoid the disclosure of Confidential Information and the need to file documents under seal.  A designation as Confidential by the parties under this Order alone is not a sufficient basis to seal the information submitted in connection with a request for relief from the Court.

19.   <u>Use Of Confidential Information By A Party In These Proceedings</u>:

Notwithstanding any other provision of this Order, the Parties shall confer and attempt to agree before any Court trial or hearing on the procedures to be included in a protective order pursuant to which "CONFIDENTIAL" or "CONFIDENTIAL – Attorney Eyes Only" material may be used or introduced into evidence at such trial or hearing.  Upon reaching agreement, the Parties shall give notice of the terms of such agreement to each third party producing Protected Information which may be used or introduced at such trial or hearing.  Because it would affect the public availability of material used at a trial or hearing, any such agreement will be effective only upon Court approval.  Absent agreement among the Parties, any Party upon reasonable notice to all third parties producing Protected Information which may be used or introduced at such trial or hearing may move the

Court to issue an order governing the use of Protected Information at a trial or hearing.

20.   Objections To Confidentiality Designations:

This paragraph applies to any documents produced pursuant to this Order, including documents produced during Phase 1 Discovery.  If any Party in this Litigation desires to have a Confidentiality designation removed, counsel for such Party shall first request in writing, or pursuant to the terms of any stipulation for electronic service that is in place at the time, that the designating Party remove the Confidentiality designation, and shall state the reasons for its request.  If the designating Party withdraws its designation of such information, the designating Party shall express that withdrawal by written notice submitted to the Parties.  If the designating Party refuses to withdraw the designation, it must state its reasons in a writing served by hand, by facsimile, or by electronic means, within five business days of receiving the request.  Thereafter, the Parties shall meet and confer to attempt to resolve the dispute.  If an agreement cannot be reached, the requesting Party may petition the court to re-designate the Confidential Information.  If a designation is challenged, the parties agree that the mere designation of a document as "CONFIDENTIAL" or "CONFIDENTIAL – Attorney Eyes Only" cannot be used to support or detract from the position that a document should be so designated.  The Parties shall continue to treat the information as Confidential Information unless and until the application to re-designate is granted and the time for any interlocutory appeal or emergency review has expired.  Nothing in this paragraph shall be construed to change the applicable burden of establishing whether or not any particular document is entitled to confidential treatment.  Nothing in this Order shall abridge the right of any Party to seek appropriate judicial review or relief in respect to any ruling that the Court may make.

21.  <u>No Oral Waivers</u>:

The Parties may waive the confidentiality provisions of this Order as to any Confidential Information only by explicit written waiver.  Such waiver shall not result in a waiver of the confidential status of any other information deemed Confidential pursuant to this Order.

22.  <u>Effect Of Order</u>:

This Order shall remain in full force and effect indefinitely until modified, superseded, or terminated by executed written agreement of the Parties or by order of the Court.  This Court shall retain continuing jurisdiction beyond the conclusion of this Litigation, including, without limitation, during any appeal, to enforce the provisions of this Order pursuant to its contempt powers and with all other powers provided for in this Order.

23.  <u>Amendments</u>:

This Order may be amended by the agreement of counsel for the Parties in the form of a written amendment to the Order.  Such proposed modifications shall be submitted to the Court for approval.

24.  <u>Return Or Destruction Of Confidential Information Following Conclusion Of Litigation</u>:

Within 30 days after the conclusion of this Litigation by final judgment not subject to appeal or by settlement, all documents or other items constituting or containing Confidential Information that are in the possession, custody, or control of any person other than the Producing Party shall either be returned to the Producing Party or destroyed at the election of the Producing Party. Provided, however, that Plaintiffs' counsel, specifically Hooper, Lundy & Bookman, Inc. (HLB), in accordance with its standard policies and practices to retain its case file and the documents contained therein in the unlikely event a malpractice lawsuit is filed against it, may retain a single copy of each document or item of Confidential Information for at least two years as a necessary precaution.

All documents or other items constituting or containing Confidential Information retained by HLB for this limited time period will remain subject to this Order. HLB will be obligated to notify the Producing Party within fourteen days of being served as a defendant in a lawsuit in which the Confidential Information appears reasonably likely to be relevant, and will not disclose or produce the Confidential Information, or allow it to be disclosed or produced, in the lawsuit unless and until a court denies the Producing Party's application, if any, to have the Confidential Information protected from disclosure, or unless and until the Producing Party notifies HLB that it has no objection to the Confidential Information being disclosed or produced in the lawsuit.  Subject to HLB's ability to retain a single copy of documents and items containing Confidential Information in accordance with its standard policies and practices, within 30 days after the conclusion of this Litigation, each Party shall provide an affidavit to each Producing Party attesting that all documents or other items constituting or containing Confidential Information produced in this Litigation were returned or destroyed *in toto*.  Counsel for all Parties may retain copies of all documents that that have been filed with the Court, depositions, and all exhibits thereto.  In addition, counsel for any Party may retain information that they determine in good faith to constitute work product, including but not limited to, documents relied upon in preparing motions, briefs, trial notebooks, and preparing for depositions.

          25.   Notices:

      All notices that this Order requires to be sent to a particular Party shall be sent via e-mail and mailed via overnight mail or regular mail to counsel for that Party at the address listed in the signature block below.

          26.   No Admission:

      Nothing in this Order constitutes an admission or agreement that any document or information, or any testimony relating to such document or

information, is or would be subject to discovery or is admissible as evidence in this case or any other proceeding.

       27.    Continued Use of Confidential Information:

       The restrictions set forth in this Order shall not be construed as preventing a non-producing party from continuing to use any Confidential Information known to or used by it prior to the filing of this Litigation and that subsequently became part of the public domain through no act or omission of the non-producing party.

       IT IS SO STIPULATED.


By:  /s/ John A. Mills, Esq. 
Daron L. Tooch, Esq.
Glenn E. Solomon, Esq.
John A. Mills, Esq.
HOOPER, LUNDY & BOOKMAN,
INC.
1875 Century Park East, Suite 1600
Los Angeles, CA 90067
Telephone: (310) 551-8111

Attorneys for Plaintiff
DOWNEY SURGICAL CLINIC, INC.

By:  /s/ Gregory D. Hull, Esq. 
Gregory D. Hull, Esq.
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone: (650) 802-3000

Attorneys for Defendants
INGENIX, INC., UNITEDHEALTH
GROUP, INC., and UNITED
HEALTHCARE SERVICES, INC.


       IT IS SO ORDERED.

DATED:   02/05/10  

                            
PHILIP S. GUTIERREZ
United States District Judge

1

2

### **EXHIBIT A**

3

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

4

5

6

7

8

DOWNEY SURGICAL CLINIC, INC., For Itself And On Behalf Of All Others Similarly Situated,

        Plaintiff,

      vs.

INGENIX, INC., UNITEDHEALTH GROUP, INC., UNITED HEALTHCARE SERVICES, INC., DOES 1-10,

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. CV 09 05457 PSG (CTx)

**ACKNOWLEDGMENT AND WRITTEN ASSURANCE TO PROTECT CONFIDENTIAL INFORMATION**

9

10

11

12

13

14

15

16

17

18

    I hereby acknowledge that I, _____,

19 have been provided with a copy of the Agreed Confidentiality Order entered in the

20 above-captioned litigation, a copy of which is annexed hereto and incorporated

21 herein by reference.

22     I further acknowledge that I have read the Agreed Confidentiality

23 Order and agree to be bound by its terms and conditions and limitations regarding

24 the review and disclosure of Confidential Information in this Litigation.  I

understand that all documents, material, or information that is subject to the Agreed

25 Confidentiality Order may be used only for purposes of the conduct of this

26 Litigation and for no other purpose.  I understand that the information contained in

27 Documents marked as "CONFIDENTIAL" has been designated as confidential and

28

24

1  that the unauthorized disclosure of Documents marked "CONFIDENTIAL" or of
2  information contained therein, may constitute contempt of Court.
3  I also submit to the jurisdiction of the United States District Court for the Central
4  District of California for the limited purpose of any action to enforce this Agreed
5  Confidentiality Order and acknowledge that any violation may be punishable by
6  contempt of Court.
7
8  Dated:_____          Name: _____
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28