1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

10
11
12

| | |
|---|---|
| DOWNEY SURGICAL CLINIC, INC., TARZANA SURGERY CENTER, INC. for Themselves and on Behalf of All Others Similarly Situated<br><br>Plaintiffs,<br><br>vs.<br><br>OPTUMINSIGHT, INC., et al.<br><br>Defendants. | CASE NO.  CV09-05457 PSG (FFMx)<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Ctrm:   E<br>Judge:  Hon. Frederick F. Mumm<br><br>*NOTE CHANGES MADE BY THE COURT |

20       THIS MATTER, having come before the Court on the Joint Stipulation of

21 Plaintiffs Downey Surgical Clinic, Inc. and Tarzana Surgery Center, Inc.

22 ("Plaintiffs") and Defendants OptumInsight, Inc. (f/k/a Ingenix, Inc.), UnitedHealth

23 Group, Inc., United  Healthcare Services, Inc., United Healthcare Insurance

24 Company, Best Buy Flexible Benefits Plan, Best Buy Co., Inc., Cingular Wireless

25 Medical Plan, AT&T Mobility LLC, Pacific Telesis Group Health Care Network

26 Plan, AT&T Medical Expense Plan, AT&T Corp., Cintas Corporation Employee

27 Health Benefit Plan, Cintas Corporation Group Insurance Plan, Cintas Corporation,

28 Ge Life Disability And Medical Plan, General Electric Company, J.C. Penney

Corporation, Inc. Health & Welfare Benefits Plan, J.C. Penney Corporation, Inc.

1  Benefits Administration Committee, Parker Hannifin Corporation Group Insurance

2  Plan, Parker Hannifin Corporation, Zale Corporation Benefits Plan, and Zale

3  Corporation, (collectively, "Defendants") requesting the Court to enter this

4  Stipulated Protective Order ("Order"), the parties having stipulated to all the terms

5  of this Order, and for good cause, it is hereby ORDERED AND ADJUDGED:

6      All documents or information produced in this Litigation shall be subject to

7  the terms and provisions set forth herein:

8      1.   Definitions:

9      The following definitions shall apply to this Order:

10         a.   "Confidential Information" is information that is not in the

11  public domain and contains employee information, financial data and information,

12  and any other information that may reasonably be characterized by a Producing

13  Party as intellectual property, a trade secret, or confidential or proprietary

14  information, including customer lists, rates structures, price lists, pricing data,

15  financial information, market studies, business plans, computer software and

16  programs, data technologies, systems, structures, and architectures, and sales and

17  marketing materials.  For purposes of this Order, "trade secret" shall mean any

18  formula, compilation, program, plan, device, design, method, technique, process or

19  other information used in the Producing Party's business and for which

20  confidentiality has been reasonably maintained. "Proprietary" information shall

21  mean any information in which a party has a protectable interest, including, without

22  limitation, information regarding a party's finances, processes, products, services,

23  research and development, sales and marketing, strategies, and technologies.

24  Confidential Information will be designated as "Confidential" by the Producing

25  Party in one or more of the following ways: (1) information contained in any

26  document or part thereof may be so designated by marking the word

27  "CONFIDENTIAL" on the document or any copy of it delivered to the Parties or

28  their counsel or by giving written notice to the counsel, describing the document or

1  part thereof either specifically or by category, as provided in paragraph 3 of this

2  Order; or (2) a Producing Party may designate information contained in an answer

3  to any question asked during an oral deposition as Confidential within 30 calendar

4  days of receipt of the deposition transcript by underlining the portions of the pages

5  that are confidential and stamping such pages "CONFIDENTIAL" as provided in

6  Paragraph 12 of this Order.

7          b.    Certain documents may contain information that is so sensitive

8  that it should not be disclosed to any person other than outside counsel for the

9  Parties.  Such information shall be produced on a "CONFIDENTIAL-Attorney Eyes

10 Only" basis and includes, but is not necessarily limited to the following:

11         1)    trade secrets, customer lists, rates structures, price lists,

12     pricing data, market surveys, business plans, and

13     proprietary software that derives economic value, actual or

14     potential, from not being generally known to competitors

15     and potential competitors, that is the subject of reasonable

16     efforts to maintain its secrecy, and that is so competitively

17     sensitive that disclosure of the information justifies

18     imposing the requirement that no other parties or the

19     parties' inside counsel may view the information and for

20     which the Producing Party reasonably believes that it is

21     entitled to heightened protections from disclosure to

22     competitors or potential competitors under Fed. R. Civ. P.

23     26(c);

24

25         2)    policies and practices with respect to provider contracting,

26     including, but not limited to, information regarding the

27     manner in which Defendants negotiate with providers,

28     Defendants' use of templates of provider contracts and

provider manuals, payment methods and payment rates, the percentage of a physician's customary charges that Defendants will reimburse for covered services, and Defendants' claims practices and payment methodologies set forth in provider manuals;

3) information relating to Defendants' claims processing systems and applications, including, but not limited to, information regarding various claims processing platforms used by Defendants, the manner in which Defendants respond to state prompt pay statutes and regulations, and Defendants' policies and practices with respect to the type of information providers or subscribers must submit in order for their claims to be processed;

4) medical management policies and practices, including, but not limited to, medical policies developed by Defendants for use in making coverage determinations, third-party guidelines, and local modifications, to the extent those policies are not already publicly available;

5) financial information relating to Defendants' claims processing, performance goals, and results; and

6) health care provider charge data, including, but not limited to, CPT codes, dates of service, amounts charged, amounts allowed, providers' zip codes, and "usual, customary and reasonable" amounts.

c. "Confidential Health Information" shall constitute a subset of

1   Confidential Information, and shall mean information supplied in any form, or any
2   portion thereof, that identifies an individual or subscriber in any manner and relates
3   to the past, present, or future care, services, or supplies relating to the physical or
4   mental health or condition of such individual or subscriber, the provision of health
5   care to such individual or subscriber, or the past, present, or future payment for the
6   provision of health care to such individual or subscriber.  Confidential Health
7   Information may be found in, among other kinds of documents, medical bills, claims
8   forms, claim data, grievances or appeals, charge sheets, medical records, medical
9   charts, test results, notes, dictation, invoices, itemized billing statements, remittance
10  advice forms, explanations of benefits, checks, notices, and requests, as well as any
11  summaries or compilations of the information contained in these documents, to the
12  extent that such summaries or compilations themselves include Confidential Health
13  Information.  Confidential Health Information is intended to encompass all
14  "protected health information" as such term is defined by the Standards for Privacy
15  of Individually Identifiable Health Information, 45 C.F.R. part 160.103,
16  promulgated pursuant to the Health Insurance Portability and Accountability Act
17  ("HIPAA"), as well as any patient health information protected by state law.
18          d.      "Covered Entity" shall have the meaning as such term is defined
19  by the Standards for Privacy of Individually Identifiable Health Information, 45
20  C.F.R. part 160.103, promulgated pursuant to HIPAA.
21          e.      "Documents" shall mean all originals, copies, and non-identical
22  copies, however produced or reproduced, of any printed, typed, handwritten,
23  graphic, electronic or otherwise recorded matter of whatever character, including,
24  but not limited to, files, correspondence, contracts, agreements, memoranda, notes,
25  forms, diaries, reports, interoffice communications, statements, transcripts,
26  affidavits, photographs, audiotape or videotape recordings, motion pictures, e-mail,
27  computer files, and any other documents and electronically stored information
28  contemplated by Fed. R. Civ. P. 34(a)(1)(A).

1        f.     "February 5, 2010 Stipulated Protective Order" shall refer to the

2 Stipulated Protective Order so-ordered by this Court on February 5, 2010.  The

3 February 5, 2010 Stipulated Protective Order shall apply to all Documents produced

4 in this Litigation prior to the entry of this Order.

5        g.     "Legend" as used herein shall mean a stamp or similar insignia

6 stating "CONFIDENTIAL," "CONFIDENTIAL-Attorney Eyes Only," or other

7 appropriate term or terms connoting the confidentiality of the document.  When any

8 document is designated "CONFIDENTIAL" or "CONFIDENTIAL-Attorney Eyes

9 Only" pursuant to this Order, the Legend shall be affixed to the cover of such

10 document and to any page therein containing Confidential Information.

11       h.     "Litigation" shall refer to the above-captioned case, including

12 any appeals through final judgment.

13       i.     "Producing Party" shall mean any Party to the Litigation, or any

14 other person or entity producing documents, information, or other materials in the

15 Litigation, including any Covered Entity.

16       j.     "Parties" collectively shall mean and include Plaintiffs and

17 Defendants.  As used in this Order, the term "Parties" shall not include putative

18 class members or class members.

19       k.     "Party" shall mean any one of the Parties.

20     2.    <u>Scope Of Application Of Order</u>:

21 This Order shall govern all documents, testimony and other information and

22 materials generated or produced in response to any discovery conducted by any

23 Party to the Litigation pursuant to the Federal Rules of Civil Procedure and the local

24 rules of the United State District Court for the Central District of California that are

25 generated or produced after this Order is so-ordered by the Court.  Further, this

26 Order shall govern all documents and materials containing Confidential Information

27 that are submitted in connection with a pleading, brief or other document filed with

28 this Court after this Order is so-ordered by the Court.  This Order shall not govern

1  documents produced prior to the date this Order is so-ordered by the Court.  Nor

2  does this Order govern the use or admissibility of any evidence at trial or the

3  procedures for using such documents or information at trial.  The Parties shall

4  confer and attempt to agree before any hearing, trial, or other proceeding on the

5  procedures to be included in a confidentiality order pursuant to which Confidential

6  Information may be introduced into evidence or otherwise used at such hearing,

7  trial, mediation, or other proceeding.  Absent agreement, the parties shall request the

8  Court to issue an order governing the use of information in the context of such

9  proceedings.  In addition, this Order shall govern all Confidential Information

10  produced by any Producing Party that is produced after this Order is so-ordered by

11  the Court, including without limitation a Covered Entity, in response to any

12  discovery conducted by any Party pursuant to the Federal Rules of Civil Procedure,

13  the rules of the Central District of California, and 45 C.F.R. part 164.512.

14     3.  <u>Designation As "Confidential Information"</u>:

15     A Producing Party may designate any document or portion thereof that

16  contains Confidential Information as "Confidential" pursuant to this Order by

17  affixing the Legend as provided under subparagraph 1(f) to any document

18  containing, or that the Producing Party believes contains, Confidential Information.

19  If, through inadvertence, a Producing Party produces any document or portion

20  thereof that contains Confidential Information but fails to designate the document as

21  either "CONFIDENTIAL" or "CONFIDENTIAL — Attorney Eyes Only" pursuant

22  to this Order by affixing the appropriate Legend as provided under subparagraph

23  1(f), the Producing Party subsequently may designate the document as

24  "CONFIDENTIAL" or "CONFIDENTIAL — Attorney Eyes Only."  But in the

25  event a Producing Party produces voluminous documents for inspection only, the

26  Producing Party shall not need to stamp the documents in advance of the initial

27  inspection and instead the following procedures shall apply:

28     a.  The Producing Party shall not be considered to have waived the

1  confidential status of documents made available during such an initial inspection,

2  but not chosen by the inspecting Party for copying.

3      b.      Thereafter, upon selection of specified documents for copying by

4  the inspecting Party, the Producing Party shall, within 30 calendar days and prior to

5  providing copies of the selected documents to the requesting Party, stamp each page

6  of such documents as may contain Confidential Information with either of the

7  "CONFIDENTIAL" or "CONFIDENTIAL — Attorney Eyes Only" designations.

8      c.      A Producing Party also may designate documents as

9  "CONFIDENTIAL" or "CONFIDENTIAL — Attorney Eyes Only" by advising

10  counsel of record to whom the documents are to be produced, in writing, of the

11  Bates numbers of the documents that are designated Confidential pursuant to this

12  Order.

13      4.   <u>Disclosure Of Confidential Information</u>:

14      Except as otherwise provided in this Order, Confidential Information may

15  only be disclosed to or examined by the following persons:

16      a.      the Parties, including their current employees who are necessary

17  to assist counsel in this Litigation, the Parties' inside counsel, if any, and employees

18  of the Parties' inside counsel who are acting under the direction and control of such

19  counsel and who are necessary to assist such counsel in this Litigation;

20      b.      the Parties' respective outside counsel and employees of the

21  Parties' outside counsel who are acting under the direction and control of such

22  counsel and who are necessary to assist such counsel in this Litigation;

23      c.      vendors who are acting under the direction of the Parties'

24  counsel and who are necessary to assist such counsel in this Litigation;

25      d.      independent consultants or experts retained in connection with

26  this Litigation by the Parties' counsel, but only to the extent necessary for the

27  prosecution or defense of the instant matter;

28      e.      experts and/or other deponents or witnesses, but only to the

1  extent necessary for the preparation of testimony or during testimony at a
2  proceeding in this Litigation;

3       f.      stenographers or court reporters, but only to the extent necessary
4  to prepare records of sworn testimony in this Litigation; and

5       g.      magistrate judges, judges, clerks, or other members or employees
6  of any court of competent jurisdiction over proceedings in or related to this
7  Litigation.

8       If a non-Producing Party concludes for the purpose of this Litigation that it
9  needs to disclose any of the Confidential Information to any person not specified in
10  this Paragraph 4, such party shall notify all other Parties, including the Producing
11  Party, and such notice shall state the identity of the person(s) that the non-Producing
12  Party needs to disclose to, and the reasons for such disclosure.  The parties shall
13  confer in an effort to resolve the status of the subject information.  If the Parties,
14  including any Producing Party, cannot agree to such release, counsel for the non-
15  Producing Party shall have the right to move for an order allowing disclosure to the
16  person(s) not specified in Paragraph 4 for good cause shown.

17       5.      Disclosure of Confidential — Attorney Eyes Only Information:

18       Except as otherwise provided in this Order, Confidential Information
19  designated as "CONFIDENTIAL — Attorney Eyes Only" shall be subject to the
20  restrictions set forth in Paragraph 4 and further shall not be shown to the Parties or
21  to their inside counsel.

22       6.      Disclosure of Confidential Health Information:

23       "Confidential Health Information" shall constitute a subset of Confidential
24  Information and shall be designated as "CONFIDENTIAL" and subject to all other
25  terms and conditions governing the treatment of Confidential Information, as set
26  forth in Paragraph 4.  "Confidential Health Information" shall include, but is not
27  limited to, claims data, claim forms, grievances, appeals, or other documents or
28  records that contain any patient health information required to be kept confidential

1   under any state or federal law, including 45 C.F.R. parts 160.103, promulgated

2   pursuant to HIPAA, and the following subscriber, patient, or member identifiers:

3         a.     names;

4         b.     all geographic subdivisions smaller than a State, including street

5   address, city, county, precinct, and zip code;

6         c.     all elements of dates (except year) for dates directly related to an

7   individual, including birth date, admission date, discharge date, dates upon which

8   medical services were provided, age, and date of death;

9         d.     telephone numbers;

10         e.     fax numbers;

11         f.     electronic mail addresses;

12         g.     social security numbers;

13         h.     medical record numbers;

14         i.     health plan beneficiary numbers;

15         j.     account numbers;

16         k.     certificate/license numbers;

17         l.     vehicle identifiers and serial numbers, including license plate

18   numbers;

19         m.     device identifiers and serial numbers;

20         n.     web universal resource locators ("URLs");

21         o.     internet protocol ("IP") address numbers;

22         p.     biometric identifiers, including finger and voice prints;

23         q.     full face photographic images and any comparable images; and

24         r.     any other unique identifying number, characteristic, or code; and

25   any other information the Producing Party knows could be used alone or in

26   combination with other information to identify an individual who is the subject of

27   information.

28         In addition to the other limitations on the use of Confidential Information as

1   set forth above, the Producing Party may, but is not required to, redact the above

2   identifiers or take other suitable precautions in order to protect the privacy of its

3   members, subscribers, or patients, but only to the extent such redaction or other

4   precaution does not result in prejudice to another Party in the Litigation.  All

5   documents produced by a Producing Party that contain Confidential Health

6   Information shall not be used by any Party to the Litigation for any purpose other

7   than in connection with this Litigation.  This paragraph shall not prevent a

8   Producing Party from disclosing its own Confidential Health Information to any

9   person, including its counsel and their partners, associates, paralegals, and clerical

10   and litigation support personnel.

11       7.    Copies:

12       All copies of any documents containing Confidential Information shall

13   constitute and be treated as Confidential as provided in this Order.  Any person

14   making, or causing to be made, copies of any documents containing Confidential

15   information shall make certain that each such copy bears the appropriate Legend

16   pursuant to the requirements of this Order.  Nothing herein shall preclude any

17   arrangement among the Parties by which documents or other materials may be

18   copied by the Producing Party.

19       8.    Acknowledgement And Written Assurance:

20       Except as otherwise provided below, each person who is permitted to see

21   stamped Confidential Documents first shall be shown a copy of this Order and shall

22   sign an acknowledgment form that states:

23           a.    the signatory has read and understands this Order;

24           b.    the signatory understands the information contained in the

25   Documents has been designated as "CONFIDENTIAL;"

26           c.    the signatory understands that the unauthorized disclosure of

27   information contained in any stamped Confidential Document may constitute

28   contempt of Court; and

1    d.    the signatory consents to the exercise of personal jurisdiction by
2  this Court for purposes of enforcement of this Order.

3    Persons permitted to see Confidential Information shall sign the
4  Acknowledgement and Written Assurance form annexed hereto as Exhibit 1.  These
5  signed forms shall be maintained by the Party acquiring the signatures and shall be
6  produced to the Court for in camera inspection if any Party requests any such
7  inspection.  As to any third-party contractors or vendors included in the list of
8  persons who must sign an Acknowledgement and Written Assurance form described
9  in Paragraph 4(c) above, an owner or manager of such contractor may sign on behalf
10 of his or her employees.  No such signed Acknowledgment and Written Assurance
11 shall be required of the following persons: (i) Court personnel; (ii) any person or the
12 employee of any person or entity who produces the Confidential Information or who
13 is identified as a recipient on a document containing Confidential Information; or
14 (iii) outside counsel for the Parties and employees of the Parties' outside counsel
15 who are acting under the direction and control of such counsel and who are
16 necessary to assist such counsel in this Litigation.

17    A copy of each executed Acknowledgment and Written Assurance shall be
18 retained by counsel of record for the Party obtaining the Acknowledgement and
19 Written Assurance.  A Producing Party may make such application to the Court for
20 disclosure of a copy of the executed Acknowledgement(s) and Written
21 Assurance(s), and the Court will grant such an application upon good cause shown,
22 except that a Party need not disclose a copy of an executed Acknowledgement and
23 Written Assurance if doing so would tend to reveal the identities of experts retained
24 by a Party, the disclosure of whom is not required by the Federal Rules of Civil
25 Procedure, unless ordered by the Court.  This paragraph shall not prevent a
26 Producing Party from disclosing its own Confidential Information to any person,
27 including its counsel and their partners, associates, paralegals, and clerical and
28 litigation support personnel.

9. <u>Prohibition on Use Of Confidential Information Produced In This Litigation In Other Actions</u>:

Any documents or other information produced by any Producing Party in this Litigation that has been designated as "CONFIDENTIAL" or "CONFIDENTIAL-Attorney Eyes Only" shall be used solely for the purpose of this Litigation, which includes discovery, motions, briefs, preparation for trial, trial, enforcements of court orders or judgments, and on appeal, if any, and for no other purpose.

10. <u>Subpoena Or Other Third-Party Request For Confidential Information Produced In This Litigation</u>:

In the event any person having possession, custody, or control of any Confidential Information receives a subpoena or other compulsory process by any court, administrative agency, legislative body commanding production of such information, such person shall, unless otherwise precluded by law: (i) notify counsel of record for the Producing Party within 48 hours by hand, e-mail or facsimile of the request for Confidential Information; (ii) provide a copy of the subpoena or other process or order requesting the production of Confidential Information to counsel of record for the Producing Party; and (iii) cooperate with the Producing Party.  The Producing Party shall have the burden of defending against or objecting to such request to the extent it seeks Confidential Information.  The person receiving such request shall not produce any Confidential Information required by the request prior to the date specified in the subpoena, other process, or order for production.

11. <u>Redacted Disclosures</u>:

To the extent that any Producing Party discloses documents containing Confidential Information that is not relevant to the Parties' claims or defenses, a Producing Party may redact such Confidential Information and so indicate on the document being produced.  If redactions are made pursuant to this Section 11, the Producing Party shall also disclose in writing information concerning the nature of the redacted material without disclosing its contents.  Information that may be

redacted includes, but is not limited to, highly sensitive pricing or other information, fee schedules, medical information, and private or personal information regarding persons or entities other than the named Plaintiffs.  If any of the Parties believes that any information has been redacted improperly, the Parties first shall seek to resolve any dispute over such redaction and, if the dispute is not resolved, the objecting Party may pursue any remedies provided by the Federal Rules of Civil Procedure. Any motion filed pursuant to the federal rules must comply with any applicable Local Rules including Local Rule 37.

12.   <u>Designation Of Documents Produced By Third Parties</u>:

Any Party may designate as "CONFIDENTIAL" any document that is produced or disclosed without such designation by any third party within 30 calendar days of the production of such document, or such other time as may be agreed, provided that such document contains Confidential Information of a designating Party, in the following manner:

a.   Parties to the Litigation may designate such document by sending written notice of such designation, accompanied by copies of the designated document bearing the Legend, to all other Parties in possession or custody of such previously undesignated document or by reference to a Bates number of the document.  Within 30 calendar days of receipt of such notice, or such other time as may be agreed, any Party receiving such notice and copy of the designated document pursuant to this subparagraph shall return to the designating Party all undesignated copies of such document in their custody or possession, or alternately shall affix the Legend to all copies of such designated document in their custody or possession.

b.   Upon notice of designation pursuant to this Paragraph, the Parties also shall: (i) make no further disclosure of such designated document or information contained therein, except as allowed under this Order; (ii) take reasonable steps to notify any persons who were provided copies of such designated

1  document of the terms of this Order; and (iii) take reasonable steps to reclaim any
2  such designated document in the possession of any person not permitted access to
3  such information under the terms of this Order.

4      c.      The Parties shall serve a copy of this Order simultaneously with
5  any discovery request made to a non-Party.  For any discovery that was served on a
6  non-Party prior to the date of this Order, the Party who served the discovery shall
7  provide the non-Party with a copy of this Order within five days of the date this
8  Order is entered by the Court.

9      13.    Designation Of Deposition Transcripts And Exhibits As Confidential:

10     a.      At any depositions conducted in this Litigation of any person
11 within the categories set forth in paragraph 4 above and otherwise in accordance
12 with the provisions of this Order, the Parties may use, refer to, or mark as deposition
13 exhibits any documents designated as "CONFIDENTIAL" and all Confidential
14 Information contained therein or derived therefrom.  Any documents designated as
15 "or "CONFIDENTIAL — Attorney Eyes Only" information that are marked as
16 deposition exhibits shall be sealed separately from the remainder of the deposition
17 transcript and exhibits.  When a Party or Producing Party uses or refers to
18 Confidential —Attorney Eyes Only information at a deposition, the portion of the
19 deposition transcript that relates to such Confidential documents or information shall
20 be stamped as "CONFIDENTIAL — Attorney Eyes Only" and sealed separately
21 from the remainder of the transcript and shall be treated as Confidential — Attorney
22 Eyes Only under the provisions of this Order.  No Party shall disclose or give
23 possession of documents designated as "CONFIDENTIAL — Attorney Eyes Only"
24 to any deponent other than as provided in paragraph 5 above.

25     b.      Counsel will make a good faith effort to designate documents or
26 testimony as Confidential Information at the time of the deposition.  Within 30
27 calendar days after receiving a deposition transcript, any Party, or any deposed
28 Producing Party may designate portions of the transcript, or exhibits thereto, as

being as "CONFIDENTIAL."  At any deposition conducted in this Litigation, the Parties shall attempt in good faith preliminarily to identify and designate Confidential testimony and exhibits without prejudice to their right to designate other testimony or exhibits or to withdraw such designations after receipt of the deposition transcript.  Except as provided in subparagraph 12(a) above, Confidential deposition testimony may be so designated by underlining the portions of the pages that are confidential and stamping such pages as "CONFIDENTIAL."  Until expiration of the thirty day calendar day period, the entire deposition transcript, and all exhibits thereto, shall be treated as "CONFIDENTIAL — Attorney Eyes Only" under the provisions of this Order.  If a timely Confidential designation is made, the Confidential portions of the deposition transcript, together with any deposition exhibits designated as "CONFIDENTIAL," shall be sealed separately from the portions of the deposition transcript and exhibits not so marked, and shall be treated as Confidential under the provisions of this Order.

14.    Receipt Of Confidential Information From Independent Sources:

With respect to any document that has been produced in this Litigation and designated as "CONFIDENTIAL" by a Producing Party, should any Party claim to have received the document from another source without any restriction of confidentiality and should that Party seek to be relieved of the confidentiality restrictions of this Order with respect to that document, the Party first shall seek the consent of the Producing Party, and if applicable, other Parties.  If the Parties cannot agree as to whether the document(s) should be excluded from this Order, the Parties shall submit the matter to the Court for resolution.   Any such "submission" must comply with the Local Rules, including Local Rule 37.

15.    Inadvertent Failure To Designate Information As Confidential:

Inadvertent failure to designate information as "CONFIDENTIAL" or "CONFIDENTIAL — Attorney Eyes Only," or to do so within 30 calendar days, may be remedied at any time by supplemental written notice given by the Producing

Party.  Upon receipt of such notification, all information so designated shall be subject to this Order as if it had been initially so designated, and the Parties shall (a) not make any further disclosure or communication of all information so designated (the "Redesignated Information") except as provided for in this Order, (b) take reasonable steps to notify any persons known to have possession of any Redesignated Information of the effect of the new designation under this Order, and (c) promptly endeavor to procure all copies of the Redesignated Information from any persons known to have possession of Redesignated Information who are not entitled to receipt under Paragraphs 4 and 5 above.  The Parties further shall make a reasonable good-faith effort to insure that any analyses, memoranda, or notes that were generated based upon such Redesignated Information are immediately treated in accordance with the new designation.

16.   <u>Inadvertent Production</u>:

If information subject to a claim of attorney-client privilege, attorney work product, or any other ground on which the production of such information should not be made to any Party nevertheless is inadvertently produced in this Litigation by any Producing Party, such production shall not prejudice, or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, attorney work product, or other ground for withholding production to which the Producing Party would be entitled. If a claim of inadvertent production is made with respect to information then in the custody of another Party, such Party promptly shall return such information to the Producing Party.  Where the information produced is electronically stored, such Party shall sequester the information and not use it for any purpose in litigation until the claim of inadvertent production is resolved.  The Party returning and/or sequestering such material may pursue any remedy provided by the Federal Rules of Civil Procedure.  Any motion filed pursuant to the federal rules must comply with all applicable Local Rules, including Rule 37.  Any such motion shall not assert as a ground for compelling production the fact or circumstance of the inadvertent

1  production.

2      17.   <u>Filing Of Confidential Information Under Seal</u>:

3      Any Party wishing to file a document or paper containing Confidential

4  Information shall endeavor to redact or otherwise exclude from the filing any

5  Confidential Information not directly pertinent to that Party's filing.  Any request to

6  seal "CONFIDENTIAL" and "CONFIDENTIAL — Attorney Eyes Only"

7  information that is directly pertinent to that Party's filing shall be made in

8  accordance with Local Rule 79-5 of the United States District Court for the Central

9  District of California, and shall seek to file under seal only those portions of filings

10  containing documents stamped "CONFIDENTIAL" or "CONFIDENTIAL —

11  Attorney Eyes Only" material.  Where reasonably possible, the Parties shall agree to

12  redact documents or stipulate to facts in order to avoid the disclosure of Confidential

13  Information and the need to file documents under seal.  A designation as

14  "CONFIDENTIAL" by a Party or Producing Party under this Order alone is not a

15  sufficient basis to seal the information submitted in connection with a request for

16  relief from the Court.

17      18.   <u>Use Of Confidential Information By A Party In These Proceedings</u>:

18      Notwithstanding any other provision of this Order, the Parties shall confer

19  and attempt to agree before any Court trial or hearing on the procedures to be

20  included in a protective order pursuant to which "CONFIDENTIAL" or

21  "CONFIDENTIAL — Attorney Eyes Only" material may be used or introduced into

22  evidence at such trial or hearing.  Upon reaching agreement, the Parties shall give

23  notice of the terms of such agreement to each third party producing Confidential

24  Information which may be used or introduced at such trial or hearing.  Because it

25  would affect the public availability of material used at a trial or hearing, any such

26  agreement will be effective only upon Court approval.  Absent agreement among the

27  Parties, any Party upon reasonable notice to all third parties producing Confidential

28  Information which may be used or introduced at such trial or hearing may move the

1  Court to issue an order governing the use of Confidential Information at a trial or

2  hearing.

3        19.   Objections To Confidentiality Designations:

4      If any Party in this Litigation desires to have a Confidentiality designation

5  removed, counsel for such Party shall first request in writing, or pursuant to the

6  terms of any stipulation for electronic service that is in place at the time, that the

7  Producing Party remove the Confidentiality designation, and shall state the reasons

8  for its request.  If the Producing Party withdraws its designation of such

9  information, the Producing Party shall express that withdrawal by written notice

10  submitted to the Parties.  If the Producing Party refuses to withdraw the designation,

11  it must state its reasons in a writing served by hand, by facsimile, or by electronic

12  means, within five business days of receiving the request.  Thereafter, the Parties

13  shall meet and confer to attempt to resolve the dispute.  If an agreement cannot be

14  reached, the requesting Party may petition the court to re-designate the Confidential

15  Information.  Any such petition must comply with Local Rule 37.  If a designation is

16  challenged, the Parties agree that the mere designation of a document as

17  "CONFIDENTIAL" or "CONFIDENTIAL — Attorney Eyes Only" cannot be used

18  to support or detract from the position that a document should be so designated.  The

19  Parties shall continue to treat the information as Confidential Information unless and

20  until the application to re-designate is granted and the time for any interlocutory

21  appeal or emergency review has expired.  Nothing in this paragraph shall be

22  construed to change the applicable burden of establishing whether or not any

23  particular document is entitled to confidential treatment.  Nothing in this Order shall

24  abridge the right of any Producing Party to seek appropriate judicial review or relief

25  in respect to any ruling that the Court may make.

26        20.   No Oral Waivers:

27      The Parties may waive the confidentiality provisions of this Order as to any

28  Confidential Information only by explicit written waiver.  Such waiver shall not

1  result in a waiver of the confidential status of any other information deemed

2  Confidential pursuant to this Order.

3      21.   Effect Of Order:

4      This Order shall remain in full force and effect indefinitely until modified,

5  superseded, or terminated by executed written agreement of the Parties or by order

6  of the Court.  This Court shall retain continuing jurisdiction beyond the conclusion

7  of this Litigation, including, without limitation, during any appeal, to enforce the

8  provisions of this Order pursuant to its contempt powers and with all other powers

9  provided for in this Order.

10      22.   Amendments:

11      This Order may be amended by the agreement of counsel for the Parties in the

12  form of a written amendment to the Order.  Such proposed modifications shall be

13  submitted to the Court for approval.

14      23.   Return Or Destruction Of Confidential Information Following

15            Conclusion Of Litigation:

16      Within 30 days after the conclusion of this Litigation by final judgment not

17  subject to appeal or by settlement, all documents or other items constituting or

18  containing Confidential Information that are in the possession, custody, or control of

19  any person other than the Producing Party shall either be returned to the Producing

20  Party or destroyed at the election of the Producing Party.  Provided, however, that

21  Plaintiffs' counsel, specifically Hooper, Lundy & Bookman, P.C. ("HLB"), in

22  accordance with its standard policies and practices to retain its case file and the

23  documents contained therein in the unlikely event a malpractice lawsuit is filed

24  against it, may retain a single copy of each document or item of Confidential

25  Information for at least two years as a necessary precaution.

26      All documents or other items constituting or containing Confidential

27  Information retained by HLB for this limited time period will remain subject to this

28  Order.  HLB will be obligated to notify the Producing Party within 14 days of being

1  served as a defendant in a lawsuit in which the Confidential Information appears

2  reasonably likely to be relevant, and will not disclose or produce the Confidential

3  Information, or allow it to be disclosed or produced, in the lawsuit unless and until a

4  court denies the Producing Party's application, if any, to have the Confidential

5  Information protected from disclosure, or unless and until the Producing Party

6  notifies HLB that it has no objection to the Confidential Information being disclosed

7  or produced in the lawsuit.  Subject to HLB's ability to retain a single copy of

8  documents and items containing Confidential Information in accordance with its

9  standard policies and practices, within 30 days after the conclusion of this

10  Litigation, each Party shall provide an affidavit to each Producing Party attesting

11  that all documents or other items constituting or containing Confidential Information

12  produced in this Litigation were returned or destroyed in *toto*.  Counsel for all

13  Parties may retain copies of all documents that that have been filed with the Court,

14  depositions, and all exhibits thereto.  In addition, counsel for any Party may retain

15  information that they determine in good faith to constitute work product, including

16  but not limited to, documents relied upon in preparing motions, briefs, trial

17  notebooks, and preparing for depositions.

18      24.   Notices:

19      All notices that this Order requires to be sent to a particular Party shall be sent

20  via e-mail and mailed via overnight mail or regular mail to counsel for that Party at

21  the address listed in the signature block below.

22      25.   No Admission:

23      Nothing in this Order constitutes an admission or agreement that any

24  document or information, or any testimony relating to such document or

25  information, is or would be subject to discovery or is admissible as evidence in this

26  case or any other proceeding.

27      26.   Continued Use of Confidential Information:

28      The restrictions set forth in this Order shall not be construed as preventing a

1   non-producing party from continuing to use any Confidential Information known to

2   or used by it prior to the filing of this Litigation and that subsequently became part

3   of the public domain through no act or omission of the non-producing party.

4

5   **IT IS SO ORDERED.**

6

7   **Dated: August 14, 2014**

8

9                                                    **/S/ Frederick F. Mumm**

10                                                   _____
                                                     FREDERICK F. MUMM
                                                     United States Magistrate Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**EXHIBIT 1**

2

3

4

**UNITED STATES DISTRICT COURT**

5

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

6

7

8

9

DOWNEY SURGICAL CLINIC, INC., TARZANA SURGERY CENTER, INC. for Themselves and on Behalf of All Others Similarly Situated,

CASE NO.  CV09-05457 PSG (FFMx)

10

Plaintiffs,

11

vs.

12

OPTUMINSIGHT, INC., et al.,

**ACKNOWLEDGMENT AND WRITTEN ASSURANCE TO PROTECT CONFIDENTIAL INFORMATION**

13

Defendants.

14

15

16

I hereby acknowledge that I, _____

17

have been provided with a copy of the Stipulated Protective Order entered in the

18

above-captioned litigation, a copy of which is annexed hereto and incorporated

19

herein by reference.

20

I further acknowledge that I have read the Stipulated Protective Order and

21

agree to be bound by its terms and conditions and limitations regarding the review

22

and disclosure of Confidential Information in this Litigation.  I understand that all

23

documents, material, or information that is subject to the Stipulated Protective Order

24

may be used only for purposes of the conduct of this Litigation and for no other

25

purpose.  I understand that the information contained in Documents marked as

26

"CONFIDENTIAL" has been designated as confidential and that the unauthorized

27

disclosure of Documents marked "CONFIDENTIAL" or of information contained

28

therein, may constitute contempt of Court.

I also submit to the jurisdiction of the United States District Court for the Central District of California for the limited purpose of any action to enforce the Stipulated Protective Order and acknowledge that any violation may be punishable by contempt of Court.

DATED: _____, 20____

Name: _____